UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM TUTLEWSKI and SHARON TUTLEWSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:18 CV 194 ) |
| ERIK PALLESON and LARRY POWELL, | ) ) ) ) |
| Defendants. | ) |

**OPINION and ORDER**

Plaintiffs William and Sharon Tutlewski ("plaintiffs") bring multiple claims against Officers Erik Palleson and Larry Powell of the Chesterton Police Department ("defendants"). (DE # 1 at 1–3.) The matter is now before the court on defendants' motion to dismiss. (DE # 7.) For the reasons set forth below, the motion will be granted.

**I.    BACKGROUND**

On May 21, 2016, plaintiffs were driving northbound on South Calumet Road when they were pulled over by Officer Palleson for alleged moving violations. (DE # 1 at 3.) Officer Powell was a back-up officer for this traffic stop. (*Id.*) According to plaintiffs, defendants "used unreasonable, unnecessary, and excessive force in [their] interactions with [defendants]." (*Id.*) Plaintiffs also state that a third officer was present at the location of the traffic stop, although this officer did nothing to prevent the alleged "violence." (*Id.* at 4.) As a result of the confrontation, William Tutlewski claims he

suffered injuries including a rotator cuff tear. (*Id.*) Sharon Tutlewski claims she suffered injuries including "orthopedic injuries." (*Id.*)

Based on this incident, plaintiffs filed a complaint in this court on May 17, 2018. (DE # 1.) The complaint contains four claims (two against each defendant) for excessive force in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983. (*Id.* at 4–9.)

On July 9, 2018, defendants filed a motion to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 7.) Plaintiffs responded to the motion (DE # 10), and defendants filed a reply brief (DE # 13). The motion is now fully briefed and ripe for ruling.

## II.    LEGAL STANDARD

Defendants have moved to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a Rule 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662–63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities).

## III. DISCUSSION

### A. *Motion to Dismiss*

Defendants move to dismiss all claims in the complaint on the grounds that plaintiffs have not properly stated a claim for excessive force under the Fourth Amendment. (DE # 8 at 3.) The Fourth Amendment guarantees people the right "to be secure in their person . . . against unreasonable searches and seizures." An officer's use of force may or may not violate the Fourth Amendment. "[T]he question is whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see also Fitzgerald v. Santoro*, 707 F.3d 725 (7th Cir. 2013) ("The appropriate question in such a case is whether

the officers' actions are objectively reasonable in light of the totality of the circumstances.").

In the case at hand, defendants argue that the complaint lacks sufficient facts pertaining to the alleged instances of excessive force. Beyond the general allegations that this incident occurred at a traffic stop and that plaintiffs were injured, the complaint does not contain any contextual facts or circumstances which would allow the court to begin to assess the officers' objective reasonableness. (*See* DE # 1.) Specifically, plaintiffs do not describe the actual actions taken by each officer with respect to each plaintiff. Did the officers grab plaintiffs? Push plaintiffs? Did they use a weapon of any kind? Plaintiffs have provided no allegations to answer these questions, and there are no allegations whatsoever regarding the type or degree of force involved.

Instead, each of plaintiffs' four claims contains only a set of boilerplate allegations. (*See* DE # 1 at 4–10.) Moreover, all four claims are identical aside from the names of the parties. (*Id.*) For instance, in Count I, plaintiffs allege the following:

> Officer Palleson . . . [was] guilty of one or more of the following acts and/or omissions: (a) Unreasonably, unnecessarily, and excessively used force against the plaintiff, William Tutlewski . . . ; and/or (b) Unreasonably and unnecessarily failed to restrain his actions when he knew or should have known that the use of force would cause substantial injury to the plaintiff, William Tutlewski; and/or (c) Acted with deliberate indifference to the constitutional rights of William Tutlewski; and/or (d) Was otherwise in violation of William Tutlewski's civil rights.

(*Id.* at 5.) Plaintiffs also allege that each defendant "acted willfully, deliberately, maliciously, or with reckless disregard" for plaintiffs' rights. (*Id.* at 5, 7, 8, 10.)

4

Although the court must accept plaintiffs' factual allegations as true for the purposes of this motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations that plaintiffs have put forth in this case are merely restatements of the legal standards for Fourth Amendment claims, couched as facts. "This sort of conclusory legal fluff isn't entitled to a presumption of truth even at the pleading stage." *Foster v. Land*, No. 2:16-CV-45-RLM-PRC, 2016 WL 3971699, at *4 (N.D. Ind. July 25, 2016) (granting a motion to dismiss an excessive force claim which was based on the sole allegation that an officer "exerted excessive force on Plaintiff's person").

Accordingly, plaintiffs have not supported their Fourth Amendment claims with proper factual allegations. Therefore, plaintiffs have failed to state a claim in their complaint and dismissal of the complaint is appropriate.

B. *Leave to Amend*

At the end of their response brief, plaintiffs request that, in the alternative, they should be given leave to file an amended complaint. (DE # 10 at 6.) Plaintiffs have not yet filed an amended complaint in this case. According to Rule 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Defendants' motion to dismiss was filed on July 9, 2018 (DE # 7), and plaintiffs did not amend their pleading within 21 days of that date. Plaintiffs' response brief was filed 22 days later, on July 31, 2018, but even that brief contains only a request for leave without any proposed amendments to the complaint. (*See* DE # 10.)

Nevertheless, a party may amend its pleading after 21 days if given leave by the court. Fed. R. Civ. P. 15(a)(3). "The court should freely give leave when justice so requires." *Id*. However, "the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860–61 (7th Cir. 2001). Because plaintiffs have not yet provided a proposed amended complaint, the court cannot determine whether the amendment would be futile or otherwise improper. Therefore, the court will grant plaintiffs 30 days to file a motion seeking leave to amend the complaint.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants' motion to dismiss (DE # 7). Additionally, the court **GRANTS** plaintiff until **January 18, 2019**, to move for leave to file an amended complaint. If no such motion is filed by that deadline, this case will be dismissed without further notice for failure to state a claim.

**SO ORDERED.**

Date: December 19, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT