# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| WILLIAM TUTLEWSKI and<br>SHARON TUTLEWSKI,<br>    Plaintiffs, | )<br>)<br>)<br>) | |
|     v. | ) | CAUSE NO.: 2:18-CV-194-JTM-JEM |
| ERICK PALLESON and<br>LARRY POWELL,<br>    Defendants. | )<br>)<br>)<br>) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Extension of Time in Which to File Amended Complaint Naming Sharon Tutlewski Independent Administratix of the Estate of William Tutlewski [DE 44], filed on June 29, 2021. Plaintiffs request a 14-day extension within which to substitute an administratix for Plaintiff William Tutlewski following his death.

Plaintiff William Tutlewski died on March 8, 2020, and on March 24, 2021, Plaintiffs informed the Court of his death. In the instant Motion, counsel for Plaintiffs represents that an attorney is the process of handling the probate work to have an independent administratix appointed, and that once that is completed he will be able to file an amended complaint to substitute the administrator of the estate.

Federal Rule of Civil Procedure 25(a) addresses substitution of a party upon death. It provides:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> . . .
> (3) Service. A motion to substitute, together with a notice of hearing,

> must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

More than 90 days have passed since Plaintiffs notified the Court of William Tutlewski's death on March 24, 2021, and at a hearing on May 14, 2021, the Court set a deadline of June 22, 2021, for substitution of a new party. Counsel for Plaintiffs represents that he has been consumed with other work and was unable to move for an extension earlier, but that Defendants will not be prejudiced by a brief extension while the probate paperwork is completed.

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (A) before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine whether the neglect was excusable, the

Court must "tak[e] into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (quotations and citations omitted); *see also Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) ("While couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the 90-day requirement may be extended by Federal Rule of Civil Procedure 6(b) . . . The history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.")

(quotation and quotation marks omitted).

Plaintiffs assert that there is not yet an administrator who can be substituted, and counsel for Plaintiffs explains that his criminal caseload has prevented him from giving his full attention to this matter. The delay in appointing an administrator who can be substituted in the case is not within the reasonable control of the movant and there is good cause for extending the time period. *See Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008) ("The decedent's lawyer . . . for obvious practical reasons [] is permitted to file a motion for an extension of time if there is no executor because the decedent died without a will and an administrator of the estate has not yet been named.").The Court notes that Defendants have filed a motion to dismiss Plaintiff William Tutlewski's claims because of the time that has passed since his death, but finds that a further brief delay will not cause prejudice.

Accordingly, in the interests of justice, the Court hereby **GRANTS** the Plaintiffs' Motion for Extension of Time in Which to File Amended Complaint Naming Sharon Tutlewski Independent Administratix of the Estate of William Tutlewski [DE 44] and **ORDERS** that the time for Plaintiffs to file a motion to substitute is extended to **July 14, 2021**. Because the issue of substitution may not be resolved, the Court **VACATES** the settlement conference currently set for July 7, 2021, and **SETS** this matter for a telephonic status conference for **July 7, 2021, at 9:30 a.m.** (Central Time) to reschedule the settlement conference. The parties are instructed to dial 877-873-8017 and enter access code 5155509# when prompted.

SO ORDERED this 30th day of June, 2021.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc:     All counsel of record